# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| VICTOR RAMOS, | Case No. SACV15-00470 CJC (JCGx) |
| Plaintiff, | Assigned to:<br>The Hon. Cormac J. Carney<br>Ctrm: 9B |
| v. | |
| CITY OF CYPRESS; CYPRESS POLICE DEPARTMENT; RODNEY DEYOUNG; individually; D. DIAZ, individually; and DOES 1 through 10, | **PROTECTIVE ORDER** |
| Defendants. | Complaint Filed: March 25, 2015 |

Having reviewed and considered the Parties' Stipulated Protective Order regarding the production of police personnel records and documents during the discovery phase of the above-captioned action, as set forth below and in the concurrently filed Stipulated Protective Order, good cause showing therein, **IT IS HEREBY ORDERED**:

Pursuant to Federal Rule of Civil Procedure 26(c), the CITY OF CYPRESS (the "City"), OFFICER RODNEY DEYOUNG ("Officer DeYoung"), and OFFICER DARRELL DIAZ ("Officer Diaz"), collectively, the "City Defendants", and Plaintiff

VICTOR RAMOS ("Plaintiff"), by and through their attorneys of record, hereby Stipulate to the Protective Order set forth herein regarding the production of documents, records, and tangible things during the discovery phase of this action. The City Defendants and Plaintiff are sometimes hereinafter referred to individually as a "Party" and collectively as the "Parties."

## GOOD CAUSE STATEMENT

1. Good cause exists for the protective order as required by Federal Rule of Civil Procedure 26(c). See, Kamakana v. City and Cnty of Honolulu, 447 F.3d 1172, 1176 (9th Cir. 2006); Foltz v. State Farm Mut. Auto Ins. Co., 331 F.3d 1120, 1130 (9th Cir. 2003).

2. Police personnel records are deemed confidential under federal law. Sanchez v. Santa Ana Police Dep't., 936 F.2d 1027, 1033-34 (9th Cir. 1990). Law enforcement personnel records also involve confidential information that is protected by the Police Officers Bill of Rights, as codified at section 3300, *et seq.*, of the California Government Code. The public disclosure of law enforcement personnel records is further limited by a number of California statutes, including but not limited to California Government Code section 6254 and California Penal Code section 832.7, *et seq*.

3. The City Defendants contend that individual officers have an interest in protecting their own privacy rights relating to information in their personnel files and other related information including but not limited to internal affairs investigations. The City Defendants further contend that the investigations and other information in confidential police personnel files affect their ability to remain employed, transfer to other police agencies, or become employed as a law enforcement officer again in the future. Finally, City Defendants contend that random and uncontrolled dissemination of such information could greatly harm police officers who serve the citizens of the City of Cypress ("City").

4. It is the policy of the Cypress Police Department (the "Police Department") not to disclose information contained in internal affairs or other investigations about its employees, or other information contained in confidential police personnel records or internal affair files unless ordered to do so by a court of competent jurisdiction.

5. Within the Police Department, access to personnel and internal affairs files is restricted to those on a "need to know" basis. Controlled access to the files is regarded by the Police Department as essential in order to assure the integrity and security of such files. The City Defendants contend that uncontrolled disclosure of such information can disrupt the vital, day-to-day operations of the Police Department, erode the integrity and security of the confidential personnel and related files, affect the morale of Police Department personnel, and frustrate the legitimate purposes of gathering the information in these files, including adversely impacting disciplinary procedures within the Police Department.

6. The City Defendants contend that police personnel files and internal affairs investigation files include information which is both personal in nature and which could potentially impact the liberty interests of the involved police officers named within those files.

7. Further, the City Defendants contend that information contained in internal affairs investigation case files is gathered and maintained in confidence by the Police Department. The information gathered in these case files generally includes the statements of third party witnesses collected in confidence. Witnesses are told that the confidentiality of their statement will be protected and that they are for the confidential use of the Police Department. The City Defendants believe that uncontrolled release of this information would cause needless intrusion into and violation of privacy rights.

8. Though Plaintiff may be entitled, in certain limited circumstances, to examine information in police officers' personnel file and internal affair files to the extent that they are relevant to his claims in the above-captioned action, the City

Defendants contend that a protective order is necessary to prevent random distribution of such information.

**STIPULATION AND PROTECTIVE ORDER**

9. The Parties have agreed that disclosure and discovery in this action will involve the production of certain confidential, proprietary, and private information and documents in the possession and control of the Police Department regarding Officer DeYoung and Officer Diaz for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation is warranted. Accordingly, the Parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The Parties acknowledge that this Stipulated Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles and this Stipulated Protective Order. The Parties further acknowledge that this Stipulated Protective Order does not entitle them to file confidential information under seal. United States District Court, Central District of California Local Rule ("Local Rule") 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file materials under seal.

10. The Parties stipulate that certain potentially relevant documents, records and/or tangible things contained in the peace officer personnel files of Officer DeYoung and Officer Diaz will be produced in this case subject to their designation as "Confidential" and subject to the provisions of this Stipulated Protective Order (collectively hereafter as "Confidential Documents").

11. The Parties may designate documents produced in the above-captioned action as Confidential Documents subject to the requirements and protections of this Stipulated Protective Order by any one or all of the following methods: (1) marking each individual page of such documents as being "Confidential"; (2) enclosing such

documents that the Party intends to be treated as Confidential Documents hereunder through written disclosures, discovery responses, or correspondence identifying the enclosed documents as "Confidential"; or (3) enclosing a copy of this Stipulated Protective Order with the documents such party intends to be treated as Confidential Documents hereunder. The preferred method of designating documents as Confidential Documents is to employ all of the aforementioned means of designation, but such is not required hereunder. Hereafter, a party who has designated documents as Confidential Documents shall be referred to as the "Producing-Disclosing Party [or Counsel]" and the party to whom such documents are produced or disclosed shall be referred to as the "Recipient Party [or Counsel]."

12. The Parties stipulate that protections conferred by this Stipulated Protective Order cover not only Confidential Documents (as defined above), but also (1) any information copied or extracted from Confidential Documents; (2) all copies, excerpts, summaries, or compilations of Confidential Documents, or parts thereof; and (3) any conversations, or presentations by the Parties or their Counsel that might reveal material contained within Confidential Documents.

13. The Parties further stipulate that the protections conferred by this Stipulated Protective Order do *not* cover the following information: (1) any information that is in the public domain at the time of disclosure to a Recipient Party or becomes part of the public domain after its disclosure to a Recipient Party as a result of publication not involving a violation of this Stipulated Protective Order; and (2) any information known to the Recipient Party prior to the disclosure or obtained by the Recipient Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Producing-Disclosing Party. Any use of Confidential Documents at trial shall be governed by a separate agreement or order.

14. The Parties further stipulate that if, in connection with any deposition taken in this action, counsel questions a witness regarding materials subject to this

Stipulated Protective Order, or use(s) Confidential Documents as deposition exhibits, at the request of Producing-Disclosing Counsel, the transcripts of such deposition testimony and the attached exhibits shall be designated as Confidential Documents and shall be subject to this Stipulated Protective Order.

15. Counsel for the Parties in the above-captioned matter shall personally secure and maintain the confidentiality of any and all Confidential Documents in their possession, and shall ensure that such Confidential Documents are used only for the purposes set forth herein, and for no other purpose.

16. Confidential Documents produced or disclosed pursuant to this Stipulated Protective Order shall remain in the sole custody and control of Recipient Counsel, who shall be prohibited from releasing or disseminating, to any other persons (including to any other counsel other than as set forth in this Stipulated Protective Order), any or all such Confidential Documents produced or disclosed, except as specifically delineated in this Stipulated Protective Order.

17. If Recipient Counsel copies, extracts, summarizes, or compiles Confidential Documents produced or disclosed to them by Producing-Disclosing Counsel, such versions shall likewise be prohibited from being released or disseminated other than as set forth in this Stipulated Protective Order.

18. Confidential Documents shall be used only in connection with the above-entitled action, up to and including the completion of judicial proceedings, as well as any appellate phase of this action, and *not* for any other purpose, including any other litigation.

19. Even after final disposition of the above-captioned matter, the confidentiality obligations imposed by this Stipulated Protective Order shall remain in effect unless and until a Producing-Disclosing Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; or (2) final judgment herein after the completion and exhaustion of all appeals, re-hearings,

remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law. Upon final disposition of the above-captioned matter, Recipient Party shall comply with the return procedures set forth in paragraph 31 of this Stipulated Protective Order.

20. This Stipulated Protective Order shall not be construed as a waiver by any Party of any objection, on any basis, related to documents that have not yet been produced or disclosed by that Party, including but not limited to objections pursuant to the California Government Code, California Evidence Code, California Penal Code, the Official Records privilege, the federal Official Information Privilege, the federal Executive Deliberative Process Privilege, or the right to Privacy under the United States Constitution, the California Constitution, or any other applicable state or federal authority.

21. This Stipulated Protective Order shall not be construed as a stipulation by Plaintiff that any privilege asserted by any Defendant regarding Confidential Documents, whether produced or disclosed or not, is applicable or valid as to such documents; however, Plaintiff, by and through his undersigned counsel, agrees to abide by the terms of this Stipulated Protective Order and to maintain such documents' confidentiality pursuant to the terms of such order.

22. Confidential Documents may be submitted in all law and motion proceedings up to the commencement of trial if done so in accordance with Local Rule 79-5.1, which states:

> ***L.R. 79-5.1 Filing Under Seal or In Camera- Procedures.*** Except when authorized by statute or federal rule, or the Judicial Conference of the United States, no case or document shall be filed under seal or in camera without prior approval by the Court. Where approval is required, a written application and a proposed order shall be presented to the judge along with the document submitted for filing under seal or in camera. The proposed order shall address the sealing of the application and order itself,

| | |
|---|---|
| 1 | if appropriate. The original and judge's copy of the document shall be |
| 2 | sealed in separate envelopes with a copy of the title page attached to the |
| 3 | front of each envelope. Conformed copies need not be placed in sealed |
| 4 | envelopes. Where under-seal or in-camera filings are authorized by statute |
| 5 | or rule, the authority therefor shall appear on the title page of the proposed |
| 6 | filing. Applications and proposed orders to seal or file in camera, along |
| 7 | with the material to be sealed or submitted in camera, shall not be |
| 8 | electronically filed but shall be presented to the Clerk for filing in paper |
| 9 | format, in the manner prescribed by Local Rule 79-5. Unless the filer is |
| 10 | exempted from electronic filing pursuant to L.R. 5-4.2(a), a Notice of |
| 11 | Manual Filing shall first be electronically filed identifying the materials |
| 12 | being manually filed. A copy of the Notice of Manual Filing, together |
| 13 | with its NEF (see L.R. 5-3.2.1), shall be presented with the documents |
| 14 | presented for filing. |
| 15 | The Parties agree to seek guidance from the Court at the time of trial regarding the |
| 16 | procedure for lodging or filing of the Confidential Documents under seal should either |
| 17 | Party seek to submit or use the Confidential Documents as trial exhibits. Though this |
| 18 | Stipulated Protective Order does not apply to the handling of documents as exhibits |
| 19 | after the commencement of trial, Plaintiff agrees not to file or lodge the Confidential |
| 20 | Documents with the Court until the guidance from the Court on this issue is obtained. |
| 21 |       23.    All disputes regarding this Stipulated Protective Order shall be handled |
| 22 | pursuant to Local Rules 37-1 *et seq*. Recipient Counsel will advise Producing- |
| 23 | Disclosing Counsel if he or she believe that any documents designated as Confidential |
| 24 | Documents pursuant to this Stipulated Protective Order do not warrant such |
| 25 | designation. The Parties will attempt to resolve the issue pursuant to Local Rule 37-1 |
| 26 | before submitting the issue to the Court. If such a dispute arises regarding the |
| 27 | designation of Confidential Documents, the Parties agree that each will continue to treat |
| 28 | |

the documents at issue as confidential and subject to this Stipulated Protective Order until the Court rules upon the dispute.

24. Under this Stipulated Protective Order, Confidential Documents produced or disclosed by Producing-Disclosing Counsel to Recipient Counsel may be disseminated, released, copied, shared, or otherwise reproduced by Recipient Counsel only, *when reasonably necessary*, to the following persons, who must sign the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A:

(a) counsel of record for any party to the above-captioned matter, as well as counsel of record's personnel;

(b) court personnel, including stenographic reporters engaged in such proceedings as are necessarily incident to preparation for the trial in the above-captioned matter;

(c) any outside expert or consultant retained in connection with the above-captioned matter, and not otherwise employed by either party,

(d) any "in-house" or outside experts designated by the City Defendants to testify at trial in this matter; and/or

(f) during their depositions, any party or witnesses to the above-captioned matter.

25. This Stipulated Protective Order only applies to materials not yet produced or disclosed in the above entitled action as of the date of execution of this Stipulated Protective Order and does not apply retroactively to materials already produced or disclosed in this action.

26. All those permitted by a Recipient Party to review any Confidential Documents must be informed of the terms of this Stipulated Protective Order and must agree to abide by such before the Recipient Party may produce or disclose Confidential Documents to such person(s) and they sign the "Acknowledgment and Agreement to Be Bound" attached hereto as Exhibit A.

27. Confidential Documents shall not be shown, produced, shared, copied to, published, or otherwise disseminated or produced to any person other than the above-listed persons specified in this Stipulated Protective Order, and shall not be shown, produced, shared, copied to, published, or otherwise disseminated or produced to any member of the press or news or entertainment media under any circumstances.

28. This Stipulated Protective Order is *not* intended, and shall *not* be construed, to prevent City officials, employees or other authorized government officials from having access to any document(s) to which such officials or employees would have had access in the normal course of their job duties.

29. The provisions of this Stipulated Protective Order shall remain in effect until further Order of the Court or further written Stipulation by counsel for the Parties.

30. Within 60 days after the final disposition of the above-captioned matter, as defined in paragraph 19, each Recipient Party must return all Confidential Documents to the Producing-Disclosing Party or destroy such material. As used in this paragraph, "all Confidential Documents" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Confidential Documents, information contained therein, or parts thereof. Whether the Confidential Documents are returned or destroyed, the Recipient Party must submit a written certification to the Producing-Disclosing Party by the 60-day deadline that (1) identifies all of the Confidential Documents that were returned or destroyed and (2) affirms that the Recipient Party has not retained any copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Confidential Documents, information contained therein, or parts thereof. Notwithstanding this provision, counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Confidential Documents. Any such archival copies that contain

1 or constitute Confidential Documents remain subject to this Stipulated Protective Order
2 as set forth in paragraph 19 hereof.

3     31.    Any restriction or obligation set forth in this Stipulated Protective Order
4 that applies to any Recipient Party likewise applies to any Recipient Counsel, and vice
5 versa.

6     32.    It is further agreed by and between the Parties that this stipulation may be
7 signed in counterparts and that a facsimile or electronic signature will be as valid as an
8 original signature.

**IT IS SO ORDERED.**

DATED: December 07, 2015

                                      HON. JAY C. GANDHI
                                      UNITED STATES MAGISTRATE JUDGE

# PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 2361 Rosecrans Ave., Suite 475, El Segundo, CA 90245.

On December 1, 2015, I served true copies of the following document(s) described as **STIPULATED PROTECTIVE ORDER along with the [PROPOSED] PROTECTIVE ORDER** on the interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on December 1, 2015, at El Segundo, California.

DIANE N. BRANCHE

# SERVICE LIST

*Victor Ramos v. City of Cypress, et al*
**Case No. SACV15-00470 CJC (JCGx)**

| | |
|---|---|
| THE SEHAT LAW FIRM, PLC<br>Cameron Sehat, Esq.<br>18881 Von Karman Ave., Suite 850<br>Irvine, CA 92612<br><br>Phone: (949) 825-5200<br>Facsimile: (949) 313-5001<br>Email: cameron@sehatlaw.com | *Attorney for Plaintiff*,<br>VICTOR RAMOS |
| Jill Williams, Esq.<br>Evelina Gentry, Esq.<br>CARPENTER, ROTHANS & DUMONT<br>888 S. Figueroa Street, Suite 1960<br>Los Angeles, CA 90017<br><br>Telephone: (213) 228-0400<br>Email: iwilliams@crdlaw.com | *Attorney for Defendant*<br>RODNEY DEYOUNG |